## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PHILLIP LAMONTE HUMPHRIES,

      Plaintiff,

vs.                                                                              No. CIV 11-0549 JB/ACT

CHIEF RAMONE RUSTIN,
SEVERAL JOHN DOE OFFICERS,[1]

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed June 21, 2011 (Doc. 1). Plaintiff Phillip Lamonte Humphries is incarcerated, appears pro se, and is proceeding in forma pauperis. The Court will dismiss certain of Humphries's claims.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte, under §1915(e)(2), "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint sua sponte, under rule 12(b)(6), for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In

---

[1]The text of the Complaint names two additional individuals as Defendants. See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ¶¶ 2-3, at 1-2, filed June 21, 2011 (Doc. 1). In this Memorandum Opinion and Order, the Court treats the additional individuals as named Defendants.

reviewing Humphries' pro se Complaint, the Court applies the same legal standards applicable to

pleadings that counsel drafts, but liberally construes the allegations.  See Northington v. Jackson,

973 F.2d 1518, 1520-21 (10th Cir. 1992).

Humphries, a practicing Muslim, alleges in his Complaint that Defendant Sargent Gallardo

and other unidentified officers destroyed his Qurans and religious headdress.  See Complaint at 3.

Humphries claims that Defendants' actions violated his rights under the First Amendment to the

United States Constitution.  See Complaint at 5.  For relief, the Complaint seeks damages.  See

Complaint at 5.

Humphries makes no factual allegations against Defendant Chief Ramone Rustin.  The only

allegation against Defendant Captain Candelaria is that he was present when Gallardo warned

Humphries about the consequences of wearing religious headdress or otherwise practicing his

religion.[2]  See Complaint at 3.  The Complaint thus contains no allegations against Rustin or

Candelaria affirmatively linking them to the actual asserted violations.  See Butler v. City of

Norman, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, a plaintiff

must allege some personal involvement by a defendant in the constitutional violation.  See Mitchell

v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Stidham v. Peace Officer Standards and Training,

---

[2]The Court could find no cases holding that there is a duty to intervene in an alleged First
Amendment violation.  Cases finding that there is a duty to intervene appear to arise exclusively in
the context of the Fourth and Eighth Amendments to the United States Constitution.  See Evans v.
Cameron, 442 F.App'x 704, 707 (3d Cir. 2011)("This Court has held 'that a correction's officer's
failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation
under § 1983 . . . ."); Vondrak v. City of Las Cruces, 535 F.3d 1198, 1210 (10th Cir.
2008)(discussing a duty to intervene where excessive force is used); Beedle v. Wilson, 422 F.3d
1059, 1072 (10th Cir. 2005)(finding that liability under § 1983 requires personal participation where
plaintiff alleged that the district attorney and policy chief conspired to violate his constitutional
rights "by aiding and abetting the Hospital in filing the libel suit").  The Court further notes that
Humphries has not asserted that Candelaria had or violated a duty to intervene.

265 F.3d 1144, 1157 (10th Cir. 2001)("We hold that the affirmative link described in <u>Rizzo[ v. Goode</u>, 423 U.S. 362, 370-77 (1976),] and its progeny must be alleged in the complaint as well as proven at trial.").

Humphries may not base his civil rights claims against state officials solely on a theory of respondeat superior liability for the actions of workers that the officials supervise. <u>See</u> <u>Mitchell v. Maynard</u>, 80 F.3d at 1441.  Because Humphries makes no allegation of constitutional violations against Rustin or Candelaria, the Court will dismiss his claims against these Defendants.  The Court will allow Humphries a reasonable time to identify the unnamed Defendants.

**IT IS ORDERED** that (i) the Clerk is directed to add Captain Candelaria and Sergeant Gallardo to the docket as named Defendants; (ii) Plaintiff Phillip Lamonte Humphries' claims against Defendants Chief Ramone Rustin and Candelaria are dismissed, and Rustin and Candelaria are dismissed as parties to this action; and (iii) the Clerk is directed to issue notice and waiver of service forms, with copies of the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed June 21, 2011 (Doc. 1) and this Memorandum Opinion and Order, for Gallardo.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Phillip Lamonte Humphries
Metropolitan Detention Center
Albuquerque, New Mexico

    *Plaintiff pro se*