IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP LAMONTE HUMPHRIES,

    Plaintiff,

vs.	No. CIV 11-0549 JB/ACT

SERGEANT FNU GALLARDO,
and JOHN DOES, 1-6, Officers,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on the Second Order to Show Cause, filed July 3, 2012 (Doc. 11)("Order").  In the Order, the Honorable Alan C. Torgerson, United States Magistrate Judge, required Plaintiff Phillip Lamonte Humphries to show cause why his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed June 21, 2011 (Doc. 1)("Complaint"), should not be dismissed. See Order at 1.  Judge Torgerson noted that "[i]t appears that Plaintiff has been released from custody or transferred without advising the Court of his new address" and that the Court's Memorandum Opinion and Order, filed May 24, 2012 (Doc. 9), was returned as undeliverable. Order at 1.  This inaction is a violation of the District's Local Rules of Civil Procedure. See D.N.M.LR-Civ. 83.6 ("All attorneys of record and parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses.").  Judge Torgerson found that Humphries' failure to comply with the local rules "demonstrates a manifest lack of interest in litigating his claims" and ordered him to show cause, within fourteen days, why his Complaint should not be dismissed.  Order at 1 (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Martinez v.

IRS, 744 F.2d 71, 73 (10th Cir. 1984); Okla. Publ. Co. v. Powell, No. 78-1856, 1980 WL 6687, at *2 (10th Cir. Mar. 7, 1980)).

The Court has the inherent power to impose a variety of sanctions on litigants to, among other things, regulate its docket, and promote judicial efficiency. See Martinez v. IRS, 744 F.2d at 73. One such sanction within the Court's discretion is to dismiss an action for failure to comply with court orders or for want of prosecution. See Fed. R. Civ. P. 41(b). The United States Court of Appeals for the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Humphries has not responded to the Order or otherwise shown cause to avoid dismissal. His failure to comply with a Court's Order or local rules, or to show cause for excusing the failure, constitutes grounds for dismissing a Complaint. See Escandon v. GEO Grp., Inc., No. Civ. 11-0494 JB/CG, Order Dismissing Case, filed June 28, 2012 (Doc. 35)(dismissing a case for failure to prosecute, where the plaintiff had been released from custody and had not provided the Court with a new address). The Court will dismiss Humphries's Complaint without prejudice.

**IT IS ORDERED** that the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed June 21, 2011 (Doc. 1), is dismissed without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Phillip Lamonte Humphries
Albuquerque, New Mexico

    *Plaintiff pro se*